```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION

SHEREEN GREENE,                  *

     Plaintiff,                  *

vs.                              *      CASE NO. 4:20-CV-135 (CDL)

QUICKEN LOANS, LLC.,             *

     Defendant.                  *
```

O R D E R

Shereen Greene seeks to relitigate federal law claims arising from the denial of a loan modification and the subsequent foreclosure on her home. Res judicata prevents her from doing so, and those claims are dismissed. She also alleges state law claims, over which this Court has jurisdiction due to diversity of citizenship. Most of those claims are either barred by the applicable statute of limitations or are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they fail to state a plausible claim for relief. Greene does, however, sufficiently allege a claim for attempted wrongful foreclosure. Quicken's motion to dismiss Greene's complaint (ECF No. 5) is accordingly granted in part and denied in part. The remainder of this order explains in more detail why.

FACTUAL ALLEGATIONS

Greene alleges the following facts in support of her complaint. For the purposes of this motion to dismiss, the Court accepts these facts as true.

In April 2016, Greene conveyed a "partial equity security interest" in her home to Quicken Loans, Inc. ("Quicken") in exchange for a loan. Compl. ¶¶ 7-8, ECF No. 1-1. After a year and a half of timely payments, Greene received notice that her monthly payments were increasing due to an increase in her property taxes. *Id.* ¶ 10. Greene's taxes, however, had not increased because her taxes were under a county-wide property tax freeze. *Id.* ¶ 11. Greene discovered that Quicken determined her property tax amount by using the higher property tax amount of the home's prior owner. *Id.* Greene informed Quicken of this discrepancy, but Quicken told her that it used an independent title company to assess property taxes. *Id.*

Greene also discovered, upon "cursory" review, several other errors in her loan. *Id.* ¶ 13. For example, Greene discovered that Quicken backdated her purchase of the property to 2013 and that Quicken either used someone else's income or inflated Greene's income. *Id.* Greene contacted Joseph Perkovich, the "originating Loan Officer at Quicken," and he suggested a loan modification, but Greene never received a loan modification. *Id.* ¶¶ 11, 14. Greene alleges that this was because Quicken wanted a "fast

foreclosure" in order to "cover up" their previous errors. *Id.* ¶ 14. Quicken ultimately transferred her loan to Rocket Mortgage. *Id.* ¶ 15.

Greene was unable to afford the higher monthly payments. *Id.* Her credit score dropped by more than 50 points, and she had trouble paying for her utilities. *Id.* ¶¶ 14, 16. Greene claims that once Quicken removed "erroneous information" from her credit reports, she was able to make "some recovery." *Id.* ¶ 16. However, she alleges that Quicken soon put the incorrect information back on her credit report, and her credit score dropped again. *Id.* ¶ 20. In April 2020, Rubin Lublin LLC sent Greene HUD documents, told her to sign these documents, and told her that title to her home was being transferred "by taking." *Id.* ¶ 14. Greene did not receive any notice of foreclosure prior to this letter. *Id.* Greene claims Quicken intentionally falsified information, such as her property taxes and income, to deny her proposed modification and foreclose her loan. *Id.* ¶ 17.

Greene made many of these same allegations in a lawsuit previously filed in this Court in 2018. In that lawsuit, Greene sued Quicken, among other parties, over the same loan that is the subject of this present case. She alleged then, as she does now, that Quicken violated multiple provisions of RESPA. *Greene v. Rocket Mort., Amrock, Inc.*, No. 4:18-CV-199 (CDL), 2019 WL 982396, at *1 (M.D. Ga. Feb. 28, 2019), *aff'd*, 786 F. App'x 238 (11th Cir.

2019) (per curiam). Greene also brought multiple state law tort and contract claims. *Id.* This Court dismissed the federal law claims after finding that there was no private right of action under the RESPA provisions Greene cited and declined to exercise supplemental jurisdiction over Greene's state law claims. *Id.* The Eleventh Circuit upheld this Court's decision on appeal.

In the present action, Greene again alleges that Quicken violated various provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and related HUD regulations.[1] She also asserts state law claims for breach of contract, fraud, and negligence. In addition to compensatory damages, she seeks to recover litigation expenses and punitive damages.

## DISCUSSION

Quicken seeks to dismiss Greene's federal law claims based upon res judicata and Greene's state law claims for failure to state plausible claims upon which relief may be granted.[2] In

---

[1] Specifically, Greene claims that Quicken violated 12 U.S.C. § 2605 and 12 C.F.R. §§ 1024.12, 1024.14, 1024.17, 1024.35, 1024.38, 1024.39, and 1024.41.

[2] Quicken also moved to dismiss Greene's complaint based on improper service of process. Greene subsequently filed a motion requesting leave of court to correct service. Pl.'s Mot. for Misc. Relief, ECF No. 21. In response, Quicken agreed to accept service if Quicken's motion to dismiss was construed as its response to Greene's complaint. Def.'s Resp. to Pl.'s Mot. for Misc. Relief 2, ECF No. 22. The Court accepts Quicken's motion to dismiss as its response to Greene's complaint under these circumstances, and Greene's motion to correct service is denied as moot. Quicken also filed a motion to strike Greene's "Affidavit and Cover Letter" in response to its motion to dismiss (ECF No. 16) and

evaluating Quicken's res judicata defense, the Court compares the claims asserted in the prior action with those asserted in the present action to determine whether the claims in this present action were (or could have been) adjudicated in the prior action. *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). To make this determination, the Court is obviously authorized to examine the pleadings in the previous action, and therefore, the traditional Rule 12(b)(6) analysis does not apply.

As to Quicken's motion to dismiss the state law claims for failure to state a claim, the traditional *Twombly/Iqbal* framework applies. "To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded

---

Greene's surreply (ECF No. 18) because Greene's "Affidavit" was untimely and because Greene did not obtain leave of court before filing her surreply. Greene's unauthorized filings do not change the Court's rulings today.

complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

**I.   Federal Law Claims and Res Judicata**

Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado*, 664 F.3d at 1375 (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). "For res judicata to bar a subsequent case, four elements must be present: '(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* (quoting *Ragsdale*, 193 F.3d at 1238). Res judicata "applies not only to the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact." *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). Claims that are barred by res judicata because they "could have been brought" in a prior proceeding are those that are "in existence at the time the original complaint is filed." *Hodges v. Publix Super Mkts., Inc.*, 372 F. App'x 74, 76 (11th Cir. 2010) (per curiam) (quoting *In re: Piper Aircraft Corp.*, 244 F.3d 1289, 1298 (11th Cir. 2001)).

Greene's federal law claims are barred by res judicata. In Greene's previous lawsuit arising from her dispute over her loan, the Court entered final judgment against her on the merits, dismissing with prejudice her RESPA claims upon finding that RESPA provided no private right of action for the claims she sought to assert. *Greene*, 2019 WL 982396, at *1. Greene and Quicken were parties to that action, and the Court had subject matter jurisdiction.[3] Greene asserted RESPA claims in that action arising from the same set of operative facts that she alleges gives rise to her RESPA claims in this action. To the extent that Greene now attempts to rely upon provisions of RESPA that are different from those she relied upon in the prior action, those claims are also barred by res judicata because this action and the previous action are based on the exact same set of facts, and any such claims could have been brought in the previous action. Greene does not explain why any of the RESPA violations she now asserts could not have been brought in the first action.[4] Greene's federal law claims

---

[3] Quicken Loans, Inc., which was a defendant in the first action, has been restructured as Quicken Loans, LLC. This does not matter for res judicata purposes because the two entities are in privity. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986) ("Res judicata also applies to those persons in privity with the parties. 'Privity' describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty.").

[4] To the extent that Greene brings a federal cause of action for Quicken's alleged violation of HUD guidelines, that claim is also barred by res judicata. Greene alleges the same set of facts here as she did in the prior action, and there does not appear to be any reason why Greene could not have brought her HUD allegations in the prior action.

are barred by res judicata, and Quicken's motion to dismiss those claims is granted.

## II.  Breach of Contract Claims

Greene's breach of contract claims are based upon Quicken's alleged failure to comply with HUD guidelines and Quicken's insistence that Greene waive rights that Greene claims cannot be waived.  Although no private right of action exists for a violation of HUD regulations, "HUD regulations clearly referenced in a deed as conditions precedent to the power to accelerate and the power of sale could form the basis of a breach of contract action." *Bates v. JP Morgan Chase Bank, NA*, 768 F.3d 1126, 1132 (11th Cir. 2014).  Here, Greene does not specify which portion of the contract expressly incorporated HUD regulations.  And the Court's review of the contract only revealed a general provision that defines "applicable law" as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders."  Def.'s Mot. to Dismiss Ex. 4, Security Deed 2, ECF No. 5-5.[5]  This provision does not "clearly" identify compliance with HUD regulations as a prerequisite to exercising the power of sale or foreclosure in the way necessary to impose liability on

---

[5] Although the Court is typically confined to the plaintiff's complaint in deciding a motion to dismiss for failure to state a claim, the Court may rely upon documents outside the pleadings when they are central to the plaintiff's claims, implicated in plaintiff's complaint, and their authenticity is not challenged. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

8

Quicken.  *See Bates*, 768 F.3d at 1132 (finding that HUD regulations were "clearly referenced" when a contract provision permitted foreclosure only if the bank first complied with "the regulations of the [HUD] Secretary").  Thus, Greene's claim for breach of contract based on HUD violations must be dismissed.

Greene has also failed to identify which provision of the contract improperly required her to waive certain rights.  A claim for breach of contract may be dismissed if a plaintiff only "generally assert[s]" breach of contract without "identifying 'any provisions or any specific agreements that were breached.'" *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020).  Here, Greene alleges that Quicken "violated state and federal laws" by including "certain documents . . . in their loan packaging" materials which improperly required her to waive certain rights.  Compl. ¶ 25.  But she does not specifically identify the provisions that she claims were breached; nor does she even identify the documents upon which she relies with any specificity.  Instead, she alleges that the improper waiver requirement was contained in "certain documents. . . in [Quicken's] loan packaging" materials.  *Id.*  Greene's vague and ambiguous allegations do not plausibly allege a breach of contract.  Accordingly, Quicken's motion to dismiss the breach of contract claim related to a waiver of rights is granted.

9

**III. Negligence and Fraud Claims**

Greene's negligence claim is based upon Quicken transferring her loan to Rocket Mortgage, despite promises not to do so, and Quicken's alleged use of another individual's property tax and income information on Greene's loan. To the extent that Greene attempts to assert a claim for negligent breach of contract, no such independent tort claim is recognized under Georgia law. *Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty.*, 660 S.E.2d 801, 855 (Ga. Ct. App. 2008). In general, "[a] defendant's mere negligent performance of a contractual duty does not create a tort cause of action; rather, a defendant's breach of a contract may give rise to a tort cause of action only if the defendant has also breached an independent duty created by statute or common law." *Id.* (quoting *S & A Indus., Inc. v. Bank Atlanta*, 543 S.E.2d 743, 748 (Ga. Ct. App. 2000)).

Greene has not sufficiently alleged facts supporting a claim that Quicken breached a duty independent of its contract with Greene.[6] Instead, Greene contends that Quicken was negligent

---

[6] To the extent that Greene argues that Quicken is liable for breach of contract because Quicken transferred the loan to Rocket Mortgage, that claim also fails. Greene's loan documents explicitly allowed for Quicken to transfer the loan. Def.'s Mot. to Dismiss Ex. 3, Note ¶ 1, ECF No. 5-4. ("I understand that the Lender may transfer this Note."); Security Deed ¶ 19 (expressly allowing for a transfer of the deed). As noted previously, the Court may consider the loan documents because they are central to Greene's complaint and their authenticity is not challenged. *SFM Holdings, Ltd.*, 600 F.3d at 1337. The Court may consider the email transcripts provided by Greene for the same reason.

10

because Quicken breached a contractual duty to not transfer the loan. This allegation does not support an independent tort claim under Georgia law.

Greene's suggestion that Quicken breached an independent duty separate from the contract based upon a fiduciary relationship between herself and Quicken is likewise unsupported by Georgia law. According to the Georgia courts, "[t]here is 'no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests.'" *JP Morgan Chase Bank, N.A. v. Durie*, 830 S.E.2d 387, 391 (Ga. Ct. App. 2019) (quoting *Baxter v. Fairfield Fin. Servs.*, 704 S.E.2d 423, 429 (Ga. Ct. App. 2010)). Greene has failed to allege that Quicken breached a duty independent of its contract with Greene, and her negligent breach of contract and breach of fiduciary duty claims must be dismissed.

As to her negligence claim arising from Quicken's alleged use of another individual's property tax and income information in connection with her loan, this claim is barred by the statute of limitations. Greene appears to allege that Quicken was negligent in failing to correct her escrow payment/property tax information when she later informed Perkovich that it was incorrect. Because Greene alleges that Quicken used incorrect information "at origination" in April 2016, the statute of limitations for that claim expired in 2018. Compl. ¶ 13.; O.C.G.A. § 9-3-33

11

(establishing two-year statute of limitations for negligence claims). And since Greene's conversation with Perkovich took place in March 2017, the statute of limitations for any claim stemming from that conversation has likewise expired. Compl. Ex. I, Email from Joseph Perkovich to Shereen Greene (Mar. 7, 2017), ECF No. 1-1 at 70. Greene has offered no legitimate basis for tolling the statute of limitations. Thus, these claims are time-barred and must be dismissed.

In addition to her breach of contract and negligence claims, Greene also accuses Quicken of fraud. She alleges that Quicken is liable for "contract fraud" because Quicken intentionally "hid[] the fact that certain documents included in their loan packaging violated state and federal contract laws" and because Quicken intentionally "falsif[ied] HUD documents to make it appear the loan was affordable when they had reason to know full well that it was not." Compl. ¶¶ 11, 25. Specifically, Greene claims that that Quicken intentionally prepared a predatory loan because "Perkovich and/or Quicken's underwriters/representatives used someone else's income (or did inflate Plaintiff's income)" on Greene's loan documents "at origination." Compl. ¶ 13.

Quicken argues that Greene's fraud claim is time-barred because more than four years has passed since Greene signed the loan with Quicken. Quicken is correct that Greene's fraud claim would normally be time-barred because the statute of limitations

for fraud claims in Georgia is four years and Greene's fraud allegations stem from incorrect information used in her loan in April 2016. *Hamburger v. PFM Cap. Mgmt., Inc.*, 649 S.E.2d 779, 784 (Ga. Ct. App. 2007) (citing O.C.G.A. § 9-3-31). The Georgia Supreme Court, however, issued an emergency order on March 14, 2020 that tolled the statute of limitations for civil cases. C.J. Harold Melton, Order Declaring Statewide Judicial Emergency (Mar. 14, 2020). This emergency order was still in effect when Greene filed this action in May 2020. Thus, although Greene's fraud claim would normally have expired in April 2020, it is timely for the purposes of the present action.

Greene's fraud claim, however, is inadequate because Greene fails to allege that she justifiably relied on Quicken's misrepresentations. To state a claim for fraud in Georgia, a plaintiff must show "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Kilroy v. Alpharetta Fitness, Inc.*, 671 S.E.2d 312, 313 (Ga. Ct. App. 2008) (quoting *Crawford v. Williams*, 375 S.E.2d 223, 224 (Ga. 1989)). Here, Greene alleges that she provided the correct information to Quicken, but Greene does not allege that she could not have verified that Quicken used the correct information. Compl. ¶ 13. Further, even if Quicken presented loan documents to Greene that contained incorrect income

13

information and Greene relied on those documents, Greene could have seen that Quicken was not using the correct income on the documents. Thus, Greene fails to state a claim for fraud.

**IV. Attempted Wrongful Foreclosure**

Construing Greene's complaint liberally, Greene appears to bring a claim for attempted wrongful foreclosure.[7] Specifically, Greene references an "attempted foreclosure" in 2018 and describes how this attempted foreclosure, which she attributes to Quicken, negatively impacted her credit score, her finances, and her health and left her in fear of losing her home. Compl. ¶ 14. Greene also appears to refer to the damages suffered as a result of the attempted wrongful foreclosure in her requested relief because she asks for damages relating to the drop in her credit score and asks for damages relating to Quicken's conduct in "misrepresenting [Greene] in the public eye as having defaulted." *Id.* ¶ 28. Thus, although Greene does not explicitly list "attempted wrongful foreclosure" in her counts against Quicken, it is clear that the attempted wrongful foreclosure in 2018 is central to her complaint against Quicken and that she is seeking damages for that incident.

Under Georgia law, a plaintiff bringing an attempted wrongful foreclosure claim must allege "a knowing and intentional

---

[7] Greene also appears to reference an attempted wrongful foreclosure in 2020, but that potential claim appears to be directed towards Rublin Lublin, LLC. Compl. ¶ 14. Rubin Lublin is not properly named as a party in this action. Thus, any claim raised against it in this complaint must be dismissed.

14

publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 972 (11th Cir. 2012) (per curiam) (quoting *Aetna Fin. Co. v. Culpepper*, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984)). Here, Greene alleges that Quicken intentionally attempted to foreclose on her home and that this "attempted foreclosure result[ed] in Plaintiff's public exposure as a 'defaulter.'" Compl. ¶ 14. Greene alleges that she was not in default at that time, and she alleges that Quicken's actions made her credit score drop more than 50 points. *Id.* She alleges that this caused her financial situation to suffer. *Id.* Greene further alleges that she lived in fear of losing her home and suffered a stroke because of Quicken's actions. *Id.* Accepting Greene's allegations as true for the purposes of this motion, Greene alleges that Quicken intentionally published false information about her and that she suffered damages because of Quicken's actions. Thus, with all favorable inferences construed in Greene's favor, she has adequately alleged a claim for attempted wrongful foreclosure.

CONCLUSION

For the foregoing reasons, Quicken's motion to dismiss (ECF No. 5) is granted in part. All of Greene's claims are dismissed

except for her attempted wrongful foreclosure claim against Quicken.[8]

IT IS SO ORDERED, this 22nd day of January, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[8] Greene's pending motion for judgment on the pleadings (ECF No. 23) is denied.  Most of Greene's claims have been dismissed, and Greene's attempted wrongful foreclosure claim has merely escaped summary dismissal because the Court must accept Greene's allegations as true at this stage of the proceedings.  Greene is certainly not entitled to judgment as a matter of law on that claim, and Quicken may eventually be entitled to summary judgment on that claim by showing that it did not publish false information about Greene in connection with the 2018 attempted foreclosure.  *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) ("If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied.").