```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| SHEREEN GREENE, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 4:20-CV-135 (CDL) |
| QUICKEN LOANS INC, | * | |
| Defendant. | * | |
| | * | |

O R D E R

Shereen Greene claims that Quicken Loans wrongfully increased her monthly loan payments to force a foreclosure on her home. This Court previously dismissed most of Greene's claims, but construed Greene's complaint liberally and found that Greene adequately alleged a claim for attempted wrongful foreclosure because Greene claimed that Quicken falsely represented her as a "defaulter" when Quicken attempted to foreclose on her home in 2018.[1] Quicken filed a motion for reconsideration, arguing that Greene cannot state a claim for

---

[1] Under Georgia law, a plaintiff bringing an attempted wrongful foreclosure claim must allege "a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 972 (11th Cir. 2012) (per curiam) (quoting *Aetna Fin. Co. v. Culpepper*, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984)). The Court's prior ruling on Greene's attempted wrongful foreclosure claim was based on Greene's contention that she was not a "defaulter." Compl. ¶ 14, ECF No. 1-1. Making all reasonable inferences in favor of Greene, the Court concluded that Greene was asserting that she was not in default when Quicken attempted to foreclose on her home in 2018.

attempted wrongful foreclosure because she failed to plausibly allege that she was not in default when Quicken attempted to foreclose on her home in 2018. For the following reasons, that motion (ECF No. 27) is granted.

## STANDARD

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Motions for reconsideration are not appropriate, however, for "relitigating old matters or for raising arguments or presenting evidence that could have been raised before the Court entered judgment." *Dipietro v. Lockhart*, No. 4:20-CV-35 (CDL), 2020 WL 7064740, at *1 (M.D. Ga. Dec. 2, 2020).

## DISCUSSION

Quicken argues that Greene cannot plausibly state a claim for attempted wrongful foreclosure because her pleadings in a prior lawsuit demonstrate she was in default in 2018 and because Greene specifically admitted she was in default in one of her prior filings. Greene has maintained in this action that she was not in default because Quicken wrongfully increased her

monthly payments.  But in her response to Quicken's motion for reconsideration, Greene conceded that she missed payments prior to the 2018 attempted foreclosure.[2]

Greene clearly admits that she missed loan payments after Quicken increased her monthly payments.  Specifically, Greene states that she made payments "until the defalcation was found" and that she ceased making payments because "[a]ny further payments would have amounted to a concession the Defendant was not in the wrong when they were."[3]  Pl.'s 1st Resp. to Def.'s Mot. for Recons. ¶ 9, ECF No. 28.  Greene further indicated that she "never missed a loan payment prior to March of 2018."  Pl.'s 2d Resp. to Def.'s Mot. for Recons. ¶ 10, ECF No. 29.  By Greene's own admission, she began missing loan payments in March

---

[2] Quicken contends that the Court should have taken judicial notice of Greene's complaint from a prior action because that complaint established that Greene missed payments before the 2018 attempted foreclosure.  Quicken's motion to dismiss, however, only asked the Court to consider the prior filings to determine if Greene's federal claims were barred by res judicata.  Quicken also contends that Greene conceded she was in default in one of her responses to Quicken's motion to dismiss, but Quicken did not point out this admission prior to the Court's previous ruling on Quicken's motion.

[3] Greene makes similar admissions at least three more times in her responses to Quicken's motion for reconsideration.  *See* Pl.'s Second Resp. to Def.'s Mot. for Recons. ¶ 8,  ECF No. 29  ("[P]ayments were made until [the] alleged 'Lender' changed them to reflect an amount not agreed upon with no reason to do so."); *Id.* ¶ 10 ("No payments were missed at all until the defalcation on the part of Quicken Loans was discovered by me."); *Id.* ¶ 20 ("Plaintiff did make timely payments under that Note and Security until such payments were materially change [sic] so as to force a default that was actually a defalcation on Defendant's part." ).

2018.[4] Greene's Note stated that she would be in default if she did not "pay the full amount of each monthly payment on the date it is due." Def.'s Mot. to Dismiss Ex. 3, Note § 6(B), ECF No. 5-4. Thus, Greene was in default prior to the August 2018 attempted foreclosure.

Greene's admissions in her response briefs constitute "new evidence" warranting reconsideration of this Court's previous order. Based on these admissions and the terms of Greene's Note and Security Deed, it is clear Greene was in default when Quicken began foreclosure proceedings in 2018. Greene acknowledges that when she alleged that Quicken falsely labeled her a "defaulter," she meant that she was not at fault for missing loan payments because Quicken wrongfully increased her monthly payments. Pl.'s 2d Resp. ¶ 15 ("Defendant admits 'representing to the public' that I was a defaulter, though that was not the case since their own errors and miscalculations caused the issue."). Greene did not mean that she did not miss payments prior to the 2018 attempted foreclosure. She

---

[4] It is not clear precisely when Greene began missing payments. Greene states that she did not miss any payments until she discovered Quicken's "defalcation" in increasing her payments. According to Greene's complaint, she discovered Quicken's "error" in March 2017, which is when she emailed Joseph Perkovich about her increased monthly payments. Compl. Ex. I, Email from S. Greene to J. Perkovich (Mar. 3, 2017), ECF No. 1-1 at 69. If Greene began missing payments when she says she discovered Quicken's "defalcation," then she would have started missing payments in 2017. Greene, however, attached a document to her response which she claims shows that she did not miss any payments in 2017. Pl.'s 2d Resp. Ex. A, 2017 Payment History, ECF No. 29-1.

4

admittedly did so. Accordingly, she cannot maintain a wrongful attempted foreclosure claim based upon Quicken's representation that she had defaulted on her payments under the Note, payments she concedes she did not make. Any claim suggesting that she can is implausible. Quicken's motion for reconsideration is granted.

CONCLUSION

For the foregoing reasons, Quicken's motion for reconsideration (ECF No. 27) is granted. Greene's complaint is dismissed in its entirety.[5]

IT IS SO ORDERED, this 9th day of April, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[5] Greene also filed a motion for reconsideration. That motion (ECF No. 32) is denied.