```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

SHEREEN GREENE,                  *

    Plaintiff,                  *

vs.                              *
                                                 CASE NO. 4:20-CV-135 (CDL)

QUICKEN LOANS, LLC.,             *

    Defendant.                  *

                                      *

## O R D E R

Presently pending before the Court is Quicken's motion for judgment on the pleadings as to its counterclaim for declaratory judgment which seeks a judicial declaration that Shereen Greene is in default on her loan obligation to Defendant. As explained in the following discussion, Quicken's counterclaim for declaratory judgment is non-justiciable under the present circumstances. Accordingly, its motion for judgment on the pleadings (ECF No. 38) is denied and its claim for declaratory judgment is dismissed.

## DISCUSSION

In its counterclaim for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*, Quicken in essence seeks permission from the Court to pursue the remedies for default set forth in Greene's loan documents. It seeks this permission based upon the pleadings. *See Carbone v. Cable News Network*, 910 F.3d 1345, 1350 (11th Cir. 2018) ("[A] party may move for judgment on the pleadings '[a]fter

the pleadings are closed – but early enough not to delay trial.'" (quoting Fed. R. Civ. P. 12(c))). Generally, "[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Id.*

Before addressing the merits of Quicken's claim, the Court must first be satisfied that it has the authority to issue a declaratory judgment under the circumstances presented by the motion. That analysis begins with the fundamental principle that the Court may only issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act's 'actual controversy' requirement is jurisdictional and, thus, 'a threshold question in an action for declaratory relief must be whether a justiciable controversy exists.'" *Odyssey Marine Expl., Inc. v. Unidentified, Shipwrecked Vessel or Vessels*, 512 F. App'x 890, 895 (11th Cir. 2013) (per curiam) (quoting *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991)). "To establish a case or controversy sufficient to invoke a court's jurisdiction under the Declaratory Judgment Act, a party must, '[a]t an irreducible minimum,' show: '(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a

favorable decision." *Id.* (quoting *Caulkins Indiantown Citrus Co.*, 931 F.2d at 747).

Here, Quicken seeks a ruling by the Court that Greene is in default on her loan with Quicken so that it can then proceed with foreclosure knowing that this Court has advised that such foreclosure is legally authorized. Such a ruling by the Court would be a classic advisory opinion. Quicken maintains that it needs this judicial "okay" because Greene may attempt to thwart the foreclosure. It makes this assumption based on what it contends amounts to litigiousness by Greene in the past. The Court finds that Quicken's concerns are speculative and do not convert this matter to an actual controversy for Article III jurisdiction purposes. *See, e.g., Odyssey Marine Expl., Inc.*, 512 F. App'x at 895-96 (rejecting a "premature" request for a declaratory judgment which would result in an "impermissible advisory opinion").

Quicken fails to adequately explain why it needs the Court to declare that Greene is in default when Georgia law provides the steps necessary for Quicken to pursue a nonjudicial foreclosure without the Court's intervention. Given the existence of state law procedures governing nonjudicial foreclosure and the hypothetical nature of Quicken's concerns about Greene's future litigious behavior, Quicken's request for an impermissible advisory opinion asks the Court to extend its authority beyond its constitutional bounds. Even if Greene does bring suit again, she

3

would need to secure an injunction to stop Quicken's foreclosure sale. Considering the Court's previous dismissal of Greene's claims in their entirety, Greene's chances of obtaining such an injunction are remote at best. The Court does not have the authority to grant "stamps of approval or reassurance" to frustrated litigants.

## CONCLUSION

For the foregoing reasons, Quicken's motion for judgment on the pleadings (ECF No. 38) is denied, and Quicken's counterclaim for declaratory judgment is dismissed. The only claim that remains pending is Quicken's first counterclaim for breach of Note and Security Deed.[1]

IT IS SO ORDERED, this 26th day of August, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] As Quicken observes, its second counterclaim for set-off is moot in light of the Court's dismissal of Greene's complaint in its entirety.